UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH F. HALLISEY,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, et al.,<br><br>Defendants. | Case No. 18-cv-01792-HSG<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO LIFT THE DISCOVERY STAY AND GRANTING DEFENDANT'S REQUEST TO MAINTAIN THE DISCOVERY STAY**<br><br>Re: Dkt. Nos. 60, 61 |

## I. BACKGROUND

Pending before the Court is Plaintiffs' request to partially lift the Private Securities Litigation Reform Act ("PSLRA") discovery stay. Dkt. No. 60. Plaintiffs seek limited discovery, including: "(a) documents already produced by Facebook in other civil actions and in response to government investigations, (b) jurisdictional discovery pertaining to the applicability of a forum selection clause, to the extent Facebook intends to file a motion premised on this provision, and (c) discovery pertaining to the existence and location of discoverable electronically stored information ("ESI") and the preservation of that evidence." Dkt. No. 60 at 1–2. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).

## II. LEGAL STANDARD

As both parties acknowledge, under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909, 912–913 (9th Cir. 1999) ("[D]iscovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.").

## III. DISCUSSION

### A. Documents already produced by Facebook in other civil actions and in response to government investigations

Plaintiffs have not shown that discovery of documents produced in other actions is necessary because Plaintiffs have not established that they would suffer any undue prejudice should the discovery stay not be lifted. Plaintiffs cite to *In re Tyco Int'l, Ltd. Multidistrict Litig.* and *In re WorldCom, Inc. Sec. Litig.* in support of their position, but both cases are distinguishable (and not binding on the Court in any event).

The *Tyco* court made explicit that allowing production of documents produced in simultaneous litigation is appropriate when "(1) the Securities Action plaintiffs would be at a serious disadvantage if they are denied access to documents that are produced to the other plaintiffs and government investigators; (2) the defendants will not incur any additional costs if the Securities Actions plaintiffs are given access to the documents; (3) keeping all parties on an equal footing with respect to discovery serves important case management interests in this complex litigation; and (4) none of the claims at issue are frivolous." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. MDL NO. 02-1335-B, 2003 WL 23830479, at *4 (D.N.H. Jan. 29, 2003). Plaintiffs have not met these conditions, as there is no corresponding case management or efficiency interest here.

The court in *WorldCom*, a multi-district litigation involving approximately 40 different actions, concluded that "[w]ithout access to documents already made available to the U.S. Attorney, the SEC, and in whole or in part to the WorldCom's Creditors Committee and the documents that will in all likelihood soon be in the hands of the ERISA plaintiffs, [the plaintiff] would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002). Plaintiffs have not demonstrated that the present case is analogous to *WorldCom*, in which the defendant had already declared bankruptcy, or that Plaintiffs would suffer any prejudice if not allowed discovery until the Court has ruled on the sufficiency of the complaint.

### B. Jurisdictional discovery pertaining to the applicability of a forum selection clause, to the extent Facebook intends to file a motion premised on this provision

Plaintiffs' request for jurisdictional discovery is premature. Plaintiffs' request anticipates a motion that may or may not raise a contract interpretation issue, for which discovery may or may not be warranted. *See Eon Labs Mfg., Inc. v. Reliance Ins. Co.*, 756 A.2d 889, 894 (Del. 2000) ("[I]t is well established that when a contract is unambiguous, extrinsic evidence to vary the terms of the contract is inadmissible, and discovery attempts to that end are not permitted."). Plaintiffs' cited cases again are not on point. *Petersen v. Boeing* and *Xiao Wei Yang v. Inner Mongolia Xiao Wei Yeng* do not discuss discovery in the PSLRA context. *See Petersen v. Boeing Co.*, 715 F.3d 276, 283 (9th Cir. 2013); *Xiao Wei Yang Catering Linkage in Inner Mongolia Co., LTD. v. Inner Mongolia Xiao Wei Yang USA, Inc.*, 150 F. Supp. 3d 71 (D. Mass. 2015). *Thomas v. Metro. Life Ins.* and *Pension Comm. of Univ. of Motreal Pension Plan* each allowed jurisdictional discovery where jurisdiction turned on a specific fact-based issue that discovery was likely to illuminate. *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1222 (W.D. Okla. 2008) (permitting discovery only on the issue of which of defendant's products were actually purchased by the plaintiffs during the relevant time period); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 CIV. 9016 (SAS), 2006 WL 708470, at *6 (S.D.N.Y. Mar. 20, 2006) (allowing jurisdictional discovery where "pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.") (quoting *Kilpatrick v. Texas & Pac. Ry. Co.,* 72 F.Supp. 635, 638 (S.D.N.Y.1947), *rev'd on other grounds*, 166 F.2d 788 (2d Cir.1948)). No such factual controversy exists in this case at this time, and the Court thus does not need to determine now whether a basis for lifting the PSLRA stay in part could develop later.

### C. Discovery pertaining to the existence and location of discoverable electronically stored information ("ESI") and the preservation of that evidence

Plaintiffs have not demonstrated any likelihood that the ESI they seek will be lost if not discovered immediately. Plaintiffs point to a risk of spoliation, but rely on a single line from Facebook's response letter to a request from the United Kindgom House of Commons indicating that "system changes" prevented Facebook from accessing certain pre-2014 records. Dkt. No. 60

3

at 7. Plaintiff's excerpt is insufficient to establish a risk warranting lifting the discovery stay in this case, given Defendants' ongoing preservation obligations.

IV. **CONCLUSION**

Because Plaintiffs have not adequately demonstrated that the stay will result in the loss of evidence or other undue prejudice to Plaintiffs, the Court **DENIES** the request.

**IT IS SO ORDERED.**

Dated: 7/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4