UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Facebook, Inc. Shareholder Derivative Privacy Litigation | Case No. 18-cv-01792-HSG<br>**ORDER DENYING MOTION TO INTERVENE**<br>Re: Dkt. No. 35 |

Pending before the Court is the motion to intervene filed by Karen Sbriglio. Dkt. No. 35 ("Mot."). For the following reasons, the Court DENIES the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) governs intervention as of right. The rule is "broadly interpreted in favor of intervention," and requires a movant to show that

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).

Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)); *see also U.S. v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted).

Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Ninth Circuit

has held that:

> [A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common . . . As with motions for intervention as of right, [a] finding of untimeliness defeats a motion for permissive intervention.

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (internal citations and quotation marks omitted). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

The Court addresses each factor in turn.

## II. INTERVENTION AS OF RIGHT

### A. Timeliness

Ms. Sbriglio's motion was timely: she filed the motion nine days after the parties filed the Stipulation to Consolidate Related Actions, Appoint Lead Counsel, and Related Matters, Dkt. No. 33 ("Consolidation Stipulation"), and this modest delay was reasonable under the circumstances and did not substantially prejudice the parties. *See Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) ("Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 858 (9th Cir. 2016) ("The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties") (quotation marks omitted).

### B. Significant Protectable Interest

Ms. Sbriglio's stated interest is:

> [T]he limited purpose of objecting to the [Consolidation Stipulation] requesting, among other things, consolidation of the . . . five (5) derivative actions currently pending before this Court. Facebook's Restated Certificate of Incorporation sets forth in Article IX that Delaware is the exclusive forum for shareholder derivative suits. As drafted, the [Consolidation Stipulation] interfere[s] with the Delaware Court of Chancery's jurisdiction over the action that [Ms.

2

Sbriglio] filed in Delaware and her right to prosecute her action in Delaware.

Mot at 1.

Ms. Sbriglio has no significant protectable interest in the Consolidation Stipulation or in the outcome of the cases before this Court. "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Ms. Sbriglio suffers no practical impairment of her interests based on the Consolidation Stipulation as written, because, on its face, it does not apply to her case. *See* Dkt. No. 33, Proposed Order ¶ 6 ("This Order shall apply to each case that is related to the Consolidated Action and to any shareholder derivative action arising out of the same or substantially same transactions or events as the Related Actions that is subsequently filed in, remanded to, or transferred to this Court.").

Further, Article IX of Facebook's Certificate of Incorporation states that "[u]nless *the corporation* consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall, to the fullest extent permitted by law, be the sole and exclusive forum for (1) any derivative action or proceeding brought on behalf of the corporation." Mot., Ex. A at 12 (emphasis added). The right to enforce this clause belongs to Facebook alone. Ms. Sbriglio has no protectable interest in whether (or not) Facebook asserts that right with respect to the cases in this Court.

### C. Disposition Without Ms. Sbriglio

Likewise, the disposition of this action without the requested intervention would not hamper the protection of Defendant Facebook's interest in enforcing any forum-related rights, or any of Ms. Sbriglio's rights. Ms. Sbriglio has not articulated any effect her intervention would have on Defendant Facebook's ability to assert (or waive) its rights under Article IX. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (quotation marks omitted)). The Consolidation Stipulation, as written, has no effect on Ms. Sbriglio's rights in the Delaware lawsuit. The Court therefore finds that Ms. Sbriglio has failed to meet the requirements for intervention as of right, and thus

3

need not reach the question of adequacy of representation.

## III. PERMISSIVE INTERVENTION

"District courts have discretion to permit an entity to intervene if the entity raises a claim that has a legal or factual issue or issues in common with the underlying action. In exercising their discretion, courts must consider whether intervention will unduly delay or prejudice the existing parties." *In re Benny*, 791 F.2d 712, 722 (9th Cir. 1986) (internal citations omitted).

Here, the Court finds that intervention by Ms. Sbriglio would unduly delay the presently related actions by inserting an unrelated issue into an otherwise completed stipulation to consolidate these cases. To the extent that Facebook intends to seek transfer to Delaware under Article IX, it can assert those rights in a motion to dismiss filed after consolidation. The consolidation of the presently related actions will conserve the resources of the Court and the parties in the event such a motion is filed.

## IV. CONCLUSION

For the forgoing reasons, Ms. Sbriglio's motion to intervene is **DENIED**.

**IT IS SO ORDERED.**

Dated: 7/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge