# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SHAREHOLDER DERIVATIVE PRIVACY LITIGATION | Case No. 18-cv-01792-HSG<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 93 |

## I. BACKGROUND

At the June 27, 2018 case management conference, the Court directed the parties to submit letter briefs regarding whether an automatic discovery stay applies under the Private Securities Litigation Reform Act ("PSLRA"). Dkt. No. 55. On July 19, 2018, following the parties' briefing, the Court granted the request of Defendant Facebook, Inc. ("Facebook") to maintain a stay of discovery under the PSLRA, and denied Plaintiffs' request to partially lift the stay. Dkt. No. 65.

On August 22, 2018, Plaintiff delivered to Defendant a demand to inspect Facebook's "books and records and minutes of proceedings of the shareholders" pursuant to section 1601 of the California Corporations Code. Dkt. No. 93-2 at 1. On September 14, 2018, Plaintiff filed a Verified Petition for Writ of Mandate in the action captioned *Natalie Ocegueda v. Facebook, Inc.*, Case No. 18CIV04936, presently pending in California State Superior Court (the "State Court Action"), requesting that the state court issue a writ commanding Facebook to make available the records described in Plaintiff's August 22 demand. Dkt. No. 93-3.

On October 18, 2018, Defendant Facebook, Inc. ("Facebook") filed the motion currently pending in this case to stay the inspection of Facebook's corporate books and records requested in the State Court Action. Dkt. No. 93. The Court finds this matter appropriate for disposition

1 without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).

**II.  LEGAL STANDARD**

Under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B); *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909, 912–913 (9th Cir. 1999) ("[D]iscovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.").

Section 101(a)(2) of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") "expressly permits a Federal court to stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  H.R. REP. 105-640, 17–18.  As codified:

> Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C.A. § 78u-4 (b)(3)(D).

**III.  DISCUSSION**

Plaintiff contends that the SLUSA does not authorize federal jurisdiction over discovery in the State Court Action because the SLUSA only applies to "a covered class action which is based on state law claims and alleges that defendant made a misrepresentation or omission or employed any manipulative or deceptive device in connection with the purchase or sale of a covered security."  Dkt. No. 100 at 3–4 (citing *Fleming v. Charles Schwab Corp.*, 878 F.3d 1146, 1152 (9th Cir. 2017)).

*Fleming* addressed a different provision of the SLUSA not at issue here.  *See Fleming,* 878 F.3d at 1152 (citing 15 U.S.C.A. § 78bb(f)(1)).  The SLUSA provision permitting federal courts to stay discovery in state court proceedings applies to "any private action in a State court," and is not limited by the language of section 78bb(f)(1).  *See Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003) ("The discovery stay provision in Section 78u–4(b)(3)(D) [] states that it applies to 'any

private action in a State court.' We see no reason why the discovery stay provision in § 78u–4(b)(3)(D) should not also apply to stays of discovery in any private, class or nonclass, action in state court."). Section 78u-4 (b)(3)(D) therefore expressly authorizes this Court to stay discovery proceedings in the State Court Action. *See* 28 U.S.C.A. § 2283.

"In determining whether to stay state court discovery, relevant considerations include the risk of federal plaintiffs obtaining the state plaintiff's discovery, the extent of factual and legal overlap between the state and federal actions, and the burden of state-court discovery on defendants." *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008).

Here, each factor weighs in favor of staying discovery in the State Court Action. Ms. Ocegueda is both petitioner in the State Court Action and Plaintiff in this case, and is represented by the same counsel in both actions. *See* Dkt. No. 56 (Consolidated Complaint) at 1; Dkt. No. 93-3 at 1. Further, the state court petition states that the discovery is sought for the purpose of informing Plaintiff in this action. *See* Dkt. No. 93-3 ¶ 2. As for the last factor, Plaintiff contends that, because the documents requested were previously produced in other lawsuits, the burden to Facebook in producing those documents here would be minimal or nonexistent. Dkt. No. 100 at 5. But the sheer scope of Plaintiff's discovery request places a substantial burden on Defendant. *See* Dkt. No. 93-2 ¶¶ 1–24 (listing twenty-four categories of documents subject to petition). The Court therefore finds that, during the pendency of Defendants' motions to dismiss, Dkt. Nos. 69, 70, 71, a stay of discovery in the State Court Action is warranted.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay discovery in the State Court Action.

**IT IS SO ORDERED.**

Dated: 2/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge