1  Orin Snyder (*pro hac vice*)
     osnyder@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Telephone: 212.351.4000
4  Facsimile: 212.351.4035

5  Kristin A. Linsley (SBN 154148)
     klinsley@gibsondunn.com
6  Brian M. Lutz (SBN 255976)
     blutz@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
8  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
9  Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

10 *Attorneys for Nominal Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SHAREHOLDER DERIVATIVE PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | LEAD CASE NO. 4:18-CV-01792-HSG<br><br>ASSOCIATED CASES: NOS. 4:18-CV-01834-HSG, 4:18-CV-01893-HSG, 4:18-CV-01929-HSG, 4:18-CV-02011-HSG<br><br>**FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR PERMANENT INJUNCTION OF STATE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:       January 9, 2020<br>Time:      2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge:     Hon. Haywood S. Gilliam, Jr.<br><br>Date First Action Filed: March 22, 2018 |

**TO ALL PARTIES, JOHN O'CONNOR, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the U.S. District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, located at 1301 Clay Street, Oakland, CA 94612, Nominal Defendant Facebook, Inc. ("Facebook" or the "Company"), through its undersigned counsel, will, and hereby does, move for an order pursuant to the All Writs Act, 28 U.S.C. § 1651, and the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, enjoining the action captioned *O'Connor v. Zuckerberg*, Case No. 19-CIV-03759, pending in the Superior Court of the State of California for the County of San Mateo (the "State Court Action"). This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Brian M. Lutz filed concurrently herewith, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing.

Facebook seeks an injunction on the ground that the plaintiff in the State Court Action seeks to relitigate an issue that this Court finally determined in its March 22, 2019 order granting Facebook's motion to dismiss on *forum non conveniens* grounds (ECF 113) (the "Dismissal Order"): whether the Delaware exclusive forum provision in Facebook's charter is valid and enforceable with respect to California Corporations Code claims brought derivatively.

## MEMORANDUM OF POINTS AND AUTHORITIES

Facebook respectfully submits this Memorandum of Points and Authorities, together with the Declaration of Brian M. Lutz and attached exhibits, in support of its Motion.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should enter an order enjoining the State Court Action from proceeding.

### I.  PRELIMINARY STATEMENT

This Court already has ruled that the Delaware exclusive forum provision in Facebook's charter is enforceable and applies to shareholder derivative claims brought under the California Corporations Code. In a transparent attempt to obtain a different result on this identical issue, another Facebook shareholder represented by lawyers closely aligned with lead counsel in this action filed a substantially similar derivative lawsuit in San Mateo County Superior Court, seeking a

declaration that Facebook's exclusive forum provision is invalid and does not apply to California Corporations Code claims. This Court should enjoin the State Court Action from proceeding under the relitigation exception to the Anti-Injunction Act, which empowers federal courts to issue "an injunction to stay proceedings in a State court ... where necessary ... to protect or effectuate its judgments." 28 U.S.C. § 2283.

Each of the requirements for issuing an injunction is plainly met here. The issue that the San Mateo County derivative plaintiff seeks to relitigate—whether Facebook's exclusive forum provision is enforceable and applies to derivative claims brought under the California Corporations Code—has squarely been decided by this Court. The Court's Dismissal Order on *forum non conveniens* grounds is final on this issue. *See Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 849 (9th Cir. 1997) (dismissal pursuant to forum selection clause is final and precludes relitigation of enforceability and applicability of forum clause). And the San Mateo County plaintiff is in privity with the shareholder Plaintiffs in this action. *Arduini v. Hart*, 774 F.3d 622, 633 (9th Cir. 2014) ("shareholders asserting derivative suits are in privity").

This Court already has enjoined one San Mateo County lawsuit designed to circumvent this Court's rulings enforcing the PSLRA discovery stay. *See* ECF 111. This Court should do the same here, and enjoin the latest attempt by a derivative plaintiff to nullify this Court's rulings through another improper state court proceeding.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Following the publication of articles in the *New York Times* and the *Guardian* regarding the misappropriation of Facebook user data by Cambridge Analytica, five shareholders of Facebook ("Plaintiffs") filed substantially similar derivative actions in the Northern District of California. The Court consolidated these actions on June 27, 2018. ECF 52. Plaintiffs filed a consolidated complaint in this action (the "Federal Action") on July 2, 2018. ECF 56. The consolidated complaint asserted two claims for violation of the federal securities laws, two claims for violation of the California Corporations Code, and four Delaware-law claims (the Delaware-law claims, together with the California Corporations Code claims, the "State Law Claims"). *Id.* at 123-36.

On August 10, 2018, Facebook moved to dismiss the consolidated complaint on *forum non conveniens* grounds, pursuant to the exclusive forum provision in Facebook's charter (the "Exclusive Forum Provision"). ECF 71. The Exclusive Forum Provision designates the Delaware Court of Chancery as "the sole and exclusive forum for (1) any derivative action or proceeding brought on behalf of the corporation, (2) any action asserting a claim of breach of a fiduciary duty owed by, or other wrongdoing by, any director, officer, employee or agent of the corporation to the corporation or the corporation's stockholders, … or (5) any action asserting a claim governed by the internal affairs doctrine." *Id.* at 1-2.

On March 22, 2019, this Court granted Facebook's motion to dismiss on *forum non conveniens* grounds as to the State Law Claims and dismissed those claims without leave to amend. Dismissal Order at 1. This Court concluded that the Exclusive Forum Provision is valid and enforceable as to the State Law Claims, including the derivative California Corporations Code claims. *Id.* at 8-12. With respect to the California Corporations Code claims, the Court rejected Plaintiffs' argument that a California court is better positioned to adjudicate these claims than a Delaware court as irrelevant because "under California's internal affairs doctrine, California Corporations Code § 2116, Plaintiffs are barred from bringing these claims in a derivative lawsuit when a company's place of incorporation is not California." *Id.* at 10; *see also id.* ("[C]laims under [California Corporations Code] § 25402 in derivative action are barred by internal affairs doctrine and must be brought under Delaware law, the corporation's state of incorporation." (citing *In re Wells Fargo & Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074, 1111-12 (N.D. Cal. 2017))).

After this Court granted Facebook's motion to dismiss, another Facebook shareholder, John O'Connor,[1] filed a shareholder derivative action in San Mateo County Superior Court. According to Mr. O'Connor, the State Court Action "aris[es] from the same facts and circumstances" as this

---

[1] Mr. O'Connor is represented by lawyers who frequently serve as co-counsel with the Cotchett Pitre firm, which serves as the lead counsel in this derivative action. *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH (N.D. Cal.); *Wortman v. Air New Zealand*, No. 07-cv-05634-CRB (N.D. Cal.); *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820-JD (N.D. Cal.); *In Re: Optical Disk Drive Prods. Antitrust Litig.*, 3:10-md-02143-RS (N.D. Cal.); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311 (E.D. Mich.).

1  lawsuit. Lutz Ex. 1, ¶ 85.[2] Mr. O'Connor acknowledges in his complaint that he seeks to relitigate
2  this Court's Dismissal Order, noting that the Exclusive Forum Provision "has been asserted by
3  Facebook and/or Individual Defendants as a defense to similar derivative claims against Individual
4  Defendants under the California Corporations Code." *Id.* Mr. O'Connor's complaint asserts
5  derivative claims under the California Corporations Code and seeks a declaration that the Exclusive
6  Forum Provision is "invalid on its face, and as applied to the causes of action for violations of the
7  California Corporations Code." *Id.* at 1, ¶ 84.

### III.  ARGUMENT

The Court should enjoin the State Court Action under the relitigation exception to the Anti-Injunction Act. Pursuant to the All Writs Act, federal courts have the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. A federal court may issue "an injunction to stay proceedings in a State court [when] expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The third exception to the Anti-Injunction Act, referred to as the "relitigation exception," empowers this Court to issue an injunction here.

The relitigation exception "is founded in the well-recognized concepts of *res judicata* and collateral estoppel," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988), and "was designed to permit a federal court to prevent state court litigation of an issue that was previously presented to and decided by a federal court," *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003). "A district court may properly issue an injunction under the relitigation exception if 'there could be an actual conflict between the subsequent state court judgment and the prior federal judgment.'" *Id.* (quoting *Blalock Eddy Ranch v. MCI Telecomms. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992)). "A relitigation injunction is proper where a federal litigant has prevailed on the merits, but is threatened with burdensome and repetitious relitigation of the same issues in subsequent actions." *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002).

---

[2]  The Court may take judicial notice of Mr. O'Connor's complaint because court documents in the public record are properly subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The relitigation exception squarely applies here as a matter of issue preclusion.  Issue preclusion "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).  Each of these requirements is met here.

### A. The Exclusive Forum Issue In The State Court Action Is Identical To The Issue Already Decided By This Court.

Mr. O'Connor impermissibly seeks to relitigate this Court's ruling that the Exclusive Forum Provision is enforceable and applies to shareholder derivative claims brought under the California Corporations Code.  Dismissal Order at 8-12.  Despite this Court's ruling that "under California's internal affairs doctrine, California Corporations Code § 2116, Plaintiffs are barred from bringing [Corporations Code] claims in a derivative lawsuit when a company's place of incorporation is not California," *id.* at 10, Mr. O'Connor asserts in his State Court Action four claims for violation of the California Corporations Code "derivatively on behalf of Facebook."  Lutz Ex. 1, at 1.  Further, Mr. O'Connor claims that his lawsuit can be adjudicated in California state court because "the forum selection clause in Article IX of Facebook's Restated Certificate of Incorporation is invalid … and is unenforceable."  Lutz Ex. 1, ¶ 29.  This Court already determined this issue in the Dismissal Order, finding that Facebook's Exclusive Forum Provision is valid and enforceable as to California Corporations Code claims.  *See* Dismissal Order at 10.

The complete overlap between the issue finally determined in this action and the issue Mr. O'Connor impermissibly seeks to relitigate in the State Court Action is confirmed by the arguments Mr. O'Connor makes in the State Court Action—the exact same arguments this Court considered and rejected in the Dismissal Order.  For example, Mr. O'Connor alleges that the Exclusive Forum Provision is invalid since it was "adopted and approved by Facebook's Board … without the consent of Plaintiff," because "Plaintiff is not a signatory to the Restated Articles of Incorporation."  Lutz Ex. 1, ¶¶ 108-09.  This Court rejected the identical argument,

finding that corporate "'bylaws are not contractually invalid simply because the board-adopted bylaw lacks the contemporaneous assent of the stockholders.'"  Dismissal Order at 10-11 (quoting *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 956 (Del. Ch. 2013)).  Mr. O'Connor's other arguments against the Exclusive Forum Provision were similarly considered and rejected by this Court.  *Compare* Lutz Ex. 1, ¶ 118 ("[T]he Delaware Court of Chancery is not an adequate alternative forum."), *with* Dismissal Order at 8 (rejecting argument that "the Delaware Court of Chancery is not an adequate alternative forum"); *compare* Lutz Ex. 1, ¶ 93 ("state and federal courts in California have repeatedly held that California's interest in enforcing its insider trading statutes supersedes Delaware's interest in overseeing the general internal governance of Delaware incorporated companies"), *with* ECF 83 at 15 (Plaintiffs' rejected argument that "state and federal courts in this jurisdiction have repeatedly held that California's interest in enforcing its insider trading statutes supersedes Delaware's interest in overseeing the general internal governance of Delaware incorporated companies").

This Court already has decided that Facebook's Exclusive Forum Provision is valid and enforceable as to California Corporations Code claims.  That is the *identical* issue O'Connor seeks to relitigate in the State Court Action.  The first requirement for issue preclusion under the relitigation exception to the Anti-Injunction Act is satisfied.

### B.   The Dismissal Order Is A Final Order.

The second requirement of issue preclusion is satisfied because this Court's order dismissing the State Law claims on *forum non conveniens* grounds is a "final judgment on the merits."  In the Ninth Circuit, "a district court's order dismissing an action to enforce a forum selection clause is a collaterally final order."  *Offshore Sportswear*, 114 F.3d at 849.  This is precisely what the Court did in granting the motion to dismiss on *forum non conveniens* grounds, finding that "Plaintiffs' derivative state law claims … are dismissed **without leave to amend**."  Dismissal Order at 12 (emphasis added).  The Dismissal Order also is a final judgment "on the merits" regarding the applicability and enforceability of the Exclusive Forum Provision.  In *Offshore Sportswear*, the Ninth Circuit considered the collateral estoppel effect of an order dismissing an action based on a forum selection clause "without prejudice" to bringing suit in the proper forum.  114 F.3d at 850.  Although

the order was "not a determination on the merits of any cause of action," the order was "a determination on the merits of the applicability, and enforceability, of the clause." *Id.* at 851. Collateral estoppel therefore "precluded [the appellant] from relitigating the applicability, and enforceability, of the forum selection clause." *Id.* Thus, under binding Ninth Circuit law, Mr. O'Connor is barred from relitigating the same issue regarding the Exclusive Forum Provision that this Court already decided in the Dismissal Order. *See also Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 826 (5th Cir. 2006) (reversing district court order declining to enjoin state proceedings seeking to relitigate district court forum selection ruling).

### C. O'Connor Is In Privity With The Federal Action Plaintiffs.

The final element of issue preclusion also is met here because Mr. O'Connor is in privity with the Plaintiffs in this action, as a matter of law. "[S]hareholders asserting derivative suits are in privity" with each other. *Arduini*, 774 F.3d at 634; *see also* Dismissal Order at 24; *Cal. State Teachers' Ret. Sys. v. Alvarez*, 179 A.3d 824, 847 (Del. 2018), *cert. denied*, 2018 WL 3093913 (U.S. Oct. 1, 2018) ("[D]iffering groups of stockholders who seek to control the corporation's cause of action share the same interest and therefore are in privity."); *Scarbourough v. Briggs*, 81 Cal. App. 2d 161, 166 (1947) (explaining shareholders suing derivatively are in privity because the corporation "is the real party plaintiff"). Because Mr. O'Connor is in privity with Plaintiffs in this action, he is bound by the Dismissal Order.

### D. The Court Should Issue An Injunction.

"A relitigation injunction is proper where a federal litigant has prevailed on the merits, but is threatened with burdensome and repetitious relitigation of the same issues in subsequent actions." *See Randtron*, 284 F.3d at 975. "A party seeking an injunction against relitigation must make the showing necessary for the issuance of any injunction, that is, serious and irreparable harm. This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Trustees of ILWU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) (internal citation omitted); *see also Del. Life Ins. Co. v. Carey*, 2018 WL 5099260, at *4 (N.D. Cal. Mar. 8, 2018)

(Gilliam, J., adopting report and recommendation of magistrate judge enjoining state court action under relitigation exception).

The Court should issue an injunction because the State Court Action seeks to undo this Court's Dismissal Order, force Facebook to relitigate issues that already have been decided by this Court, and waste the San Mateo County Superior Court's time adjudicating disputes that have already been resolved. This wasteful relitigation of the Court's ruling constitutes irreparable harm and warrants an injunction.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Facebook's motion and enter an order enjoining the State Court Action from proceeding.

Dated: August 1, 2019

GIBSON, DUNN & CRUTCHER LLP

By:     */s/ Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel:  202.955.8500
Fax:  202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian M. Lutz
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

Paul J. Collins
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel:  650.849.5300
Fax:  650.849.5333
pcollins@gibsondunn.com

*Attorneys for Nominal Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

I, Matthew J. Snider, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, San Francisco, CA 94105-0920, in said County and State. On August 1, 2019, I served copies of:

**FACEBOOK, INC.'S NOTICE OF MOTION FOR PERMANENT INJUNCTION OF STATE PROCEEDINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

**[PROPOSED] ORDER GRANTING FACEBOOK, INC.'S MOTION FOR PERMANENT INJUNCTION OF STATE PROCEEDINGS;**

**DECLARATION OF BRIAN M. LUTZ IN SUPPORT OF FACEBOOK, INC.'S MOTION FOR PERMANENT INJUNCTION OF STATE PROCEEDINGS; and EXHIBIT 1 thereto;** and

**this CERTIFICATE OF SERVICE**

on the persons named below at the address shown:

> P. Terry Anderlini, Esq.
> ANDERLINI & MCSWEENEY LLP
> 66 Bovet Road, Suite 285
> San Mateo, CA 94402
>
> Guido Saveri
> R. Alexander Saveri
> Cadio Zirpoli
> Charley Sweeny
> SAVERI & SAVERI, INC.
> 706 Sansome Street
> San Francisco, CA 94111
> *Counsel for John O'Connor*

☑ **BY FEDEX OVERNIGHT DELIVERY**: On the above-mentioned date, I placed the above-referenced documents into a FedEx envelope for next-day delivery to the relevant persons.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on August 1, 2019, at San Francisco, California.

*/s/ Matthew J. Snider*
Matthew J. Snider

# ATTORNEY ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Orin Snyder, hereby attest that concurrence in the filing of this document has been obtained from all counsel.

DATED: August 1, 2019        By:  */s/ Orin Snyder*
                                  Orin Snyder
                                  200 Park Avenue
                                  New York, N.Y. 10166-0193
                                  Tel: 212.351.4000
                                  Fax: 212.351.4035
                                  osnyder@gibsondunn.com

Gibson, Dunn & Crutcher LLP

ATTORNEY ATTESTATION
LEAD CASE NO. 4:18-CV-01792-HSG