UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SHAREHOLDER DERIVATIVE PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01792-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PERMANENT INJUNCTION**<br><br>Re: Dkt. No. 124 |

Pending before the Court is Defendant Facebook's motion for permanent injunction. Dkt. No. 124 ("Mot."). Defendant seeks an order enjoining an action captioned *O'Connor v. Zuckerberg*, Case No. 19-CIV-03759, pending before the Honorable Nancy L. Fineman in San Mateo Superior Court ("O'Connor Action"). Judge Fineman stayed the O'Connor Action for forty-five days from the hearing on this motion or the issuance of a ruling, whichever occurs first. Dkt. No. 141-1, Ex. A. Because the Supreme Court has cautioned that the relitigation exception to the Anti-Injunction Act permits a federal court to enjoin a state court proceeding "only in rare cases," the Court **DENIES** Defendant's motion. *See Smith v. Bayer Corp.*, 564 U.S. 299, 302 (2011).[1]

## I. BACKGROUND

On July 2, 2018, Plaintiffs filed a consolidated shareholder derivative action against nominal Defendant Facebook and individual Defendants, alleging the following eight causes of action: (1) violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9; (2) violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5; (3) misappropriation of information and breach of fiduciary duty for insider sales; (4) violation of California Corporations Code § 25402;

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L.R. 7–1(b).

1 (5) violation of California Corporations Code § 25403; (6) breach of fiduciary duty; (7) contribution and indemnification; and (8) aiding and abetting breaches of fiduciary duty. Dkt. No. 56 ("Compl.") ¶¶ 464-517. The Court found that Facebook's forum selection clause was enforceable and dismissed all the derivative state claims on *forum non conveniens* grounds, without leave to amend but without prejudice to their reassertion in the Delaware Court of Chancery. Dkt. No. 113 ("Dismissal Order") at 7–12. Only Plaintiffs' federal derivative claims remain in this action.

John O'Connor, another Facebook shareholder, filed his derivative action on June 28, 2019, approximately three months after the Court's Dismissal Order. Dkt. No. 124-2, Ex. 1 ("O'Connor Compl."). The parties do not dispute that the O'Connor Action arises from the same facts and circumstances as this case. *See* Mot. at 3; Dkt. No. 132 ("O'Connor Opp.") at 1 ("There is a case pending in this Court based on similar factual allegations."). In his complaint, Mr. O'Connor brings the following five causes of action: (1) declaratory relief; (2) violation of California Corporations Code § 25400; (3) violation of California Corporations Code § 25401; (4) violation of California Corporations Code § 25402; and (5) control personal liability under California Corporations Code § 25504. O'Connor Compl. ¶¶ 408–71.

## II. LEGAL STANDARD

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act is a "necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). "And the Act's core message is one of respect for state courts." *Smith*, 564 U.S. at 306.

The Anti-Injunction Act is subject to only "three specifically defined exceptions." *Id*. (citation and quotations omitted); *see also* 28 U.S.C. § 2283. The enumerated exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Smith*, 564 U.S. at 306 (citation and quotations omitted and alterations in original). "Indeed, '[a]ny doubts as to the

...

propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.'" *Id*. (citation omitted and alterations in original). "[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo*, 486 U.S. at 151 (1988).

## III. DISCUSSION

At issue here is whether the Act's third exception, known as the "relitigation exception," warrants the Court enjoining the O'Connor Action. Defendant argues that an injunction is appropriate because the O'Connor Action "seeks to relitigate an issue that this Court finally determined in its March 22, 2019 order[, namely] whether the Delaware exclusive forum provision in Facebook's charter is valid and enforceable with respect to California Corporations Code claims brought derivatively." Mot. at 1. Mr. O'Connor (and Plaintiffs) argue that the relitigation exception does not apply because: (1) the forum selection issues are not identical; (2) the Dismissal Order is not a final order; and (3) Mr. O'Connor is not in privity with Plaintiffs. O'Connor Opp. at 5–11. In addition, Mr. O'Connor argues that even if the relitigation exception applies, the Court should decline in its discretion to issue an injunction. *Id*. at 11–12.

### A. Relitigation Exception

Under the third enumerated exception, a federal court can enjoin a state court proceeding "to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception is "designed to implement 'well-recognized concepts' of claim and issue preclusion." *Smith*, 564 U.S. at 306. It "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id*. (citation omitted). The Supreme Court has held that in applying the exception, it has "taken special care to keep it 'strict and narrow.'" *Id*. at 306–07 (citation and quotations omitted). "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court," so "issuing an injunction under the relitigation exception is resorting to heavy artillery." *Id*. at 307 (citation omitted). For that reason, "every benefit of the doubt goes toward the state court … an injunction can issue only if preclusion is clear beyond peradventure." *Id*. (citation omitted).

In *W. Sys., Inc. v. Ulloa*, 958 F.2d 864 (9th Cir. 1992), the Ninth Circuit read *Chick Kam*

3

*Choo* as "holding an injunction permissible where a prior federal decision 'necessarily precludes' a certain result, even if that result was not itself actually litigated." *Id*. at 870. In doing so, the Ninth Circuit disagreed with several circuit courts which had concluded that the relitigation exception was limited to issues "actually litigated" in a prior court proceeding. *Id*. The Ninth Circuit held that reading *Chick Kam Choo* as the other circuits did would be "contrary to the language of *Choo*, which would bar relitigation of '*claims or* issues [that] actually have been decided." *Id*. (citing *Chick Kam Choo*, 486 U.S. at 148; alterations in original); *see also id*. ("To read *Choo* as the other Circuits have, however, would in essence be to read res judicata entirely out of section 2283."). Therefore, under *Ulloa*, the relitigation exception would apply to bar "both claims actually litigated and those that arise from the same transaction and *could have been* litigated in a prior proceeding." *Id*. at 868.

However, *Ulloa* does not require the Court to issue an injunction "solely because the claims pursued in a state court are barred by res judicata." *See Herrera v. CarMax Auto Superstores California, LLC*, No. EDCV14776MWFVBKX, 2014 WL 12567154, at *3 (C.D. Cal. Aug. 27, 2014). In *Ulloa*, the Ninth Circuit found that the "principles announced in *Choo*" were not "disserved by the district court's injunction" because of the "compelling circumstances of [that] case." *Ulloa*, 958 F.2d at 871 (finding "compelling circumstances" when plaintiff brought a second complaint in a Guam territorial court within one hour after the federal case settled after seventeen years of litigation). Accordingly, even if the Court were to decide res judicata applies to the O'Connor Action, the Court could decide not to issue an injunction in light of the considerations articulated by the Supreme Court.

With these principles in mind, the Court considers whether this case presents compelling circumstances warranting the extreme remedy of enjoining the state court proceeding.

### i. Whether the *Forum Non Conveniens* Analysis Is Identical Under Federal and California State Law

The Court first considers whether the *forum non conveniens* analysis based on a forum selection clause is identical under California and federal law. Federal and state courts "can and do apply identically worded procedural provisions in widely varying ways," so even if a state's

4

"procedural provision tracks the language of a Federal Rule," if it "interprets that provision in a manner federal courts have not, then the state court is using a different standard and thus deciding a different issue." *Smith*, 564 U.S. at 309–10. "[A]bsent clear evidence" that state courts track the same analysis as federal courts, federal courts cannot conclude that state courts would interpret the standards in the same way. *Id*. at 311; *see also id*. ("[T]he federal court must resolve any uncertainty on that score by leaving the question of preclusion to the state courts.").

The Court finds *Chick Kam Choo* instructive.[2] In *Chick Kam Choo*, the district court granted the defendant's motion to dismiss on *forum non conveniens* grounds, where defendants agreed to submit to the jurisdiction of the Singapore courts.[3] *Chick Kam Choo*, 486 U.S. at 143. Instead of commencing litigation in Singapore, the plaintiff proceeded to file suit in Texas state court. *Id*. The defendants then requested an injunction to enjoin the Texas state court proceeding, which the district court granted. *Id*. at 144. However, the Supreme Court found that while the district court had resolved the *forum non conveniens* issue under *federal* law, it had not done so under Texas *state* law. *Id*. at 148 ("Federal *forum non conveniens* principles simply cannot determine whether Texas courts, which operate under a broad 'open-courts' mandate, would consider themselves an appropriate forum for petitioner's lawsuit."). Moreover, the Court of Appeals "expressly recognized that the Texas courts would apply a significantly different *forum non conveniens* analysis." *Id*. at 149. Therefore, the Supreme Court held that an injunction to foreclose consideration of whether Texas state courts are an appropriate forum was not within the relitigation exception.[4] *Id*.

Here, although there is no evidence that California courts have "expressly recognized" they

---

[2] *Chick Kam Choo* resolved a circuit split between the Fifth and Ninth Circuits, in which the Ninth Circuit reversed an injunction in similar circumstances. *Id*. at 145 (citing *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1482 (9th Cir. 1987), *amended by Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988)).
[3] The Court acknowledges that *Chick Kam Choo* presented distinguishable facts in that here, the Court addressed the question of *forum non conveniens* based on a forum selection clause, and found the Delaware Court of Chancery to be the only suitable forum pursuant to the enforceable selection clause. Dismissal Order at 8–9.
[4] The Supreme Court found that the relitigation exception applied to the choice-of-law issue decided by the district court, making an injunction which would prevent relitigation of that issue permissible. *Chick Kam Choo*, 486 U.S. at 150.

5

would apply a "significantly different *forum non conveniens* analysis," *see Chick Kam Choo*, 486 U.S. at 149, as Mr. O'Connor notes, the standard for determining whether a forum selection clause is enforceable is not identical under federal and California state law, *see* O'Connor Opp. at 6–7. Under federal law, courts "must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever." Dismissal Order at 7 (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1092 (9th Cir. 2018)). As the party "defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). When deciding a transfer motion, "a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).

The California standard is substantially similar, but the Court cannot say that the two are "identical," as Defendant urges. *See* Dkt. No. 134 ("Reply") at 3–4. "California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable." *Handoush v. Lease Fin. Grp., LLC*, 41 Cal. App. 5th 729, 734 (Ct. App. 2019) (citation omitted). California courts will "refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *Id.* (citation and quotations omitted). Similar to federal law, the party defying the forum selection clause bears the burden of proving why it should not be enforced. *Id.* But the burden is "reversed when the claims at issue are based on unwaivable rights created by California statutes." *Id.* (citation and quotations omitted). In that case, the party seeking to enforce the clause "bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded … under California law.'" *Id.* (citations and quotations omitted).

Mr. O'Connor asserts that federal law is "stricter" and does not incorporate this burden shifting analysis when there are "statutorily unwaivable rights." O'Connor Opp. at 7–8. Further, he contends that his California claims are based on "statutorily unwaivable rights." *Id.* Defendant

6

argues that this argument is a "red herring," because the Court already held that California's internal affairs doctrine "bars plaintiffs from asserting Corporations Code claims derivatively on behalf of Facebook." Reply at 4 (citing Dismissal Order at 10). But the Court only considered California's internal affairs doctrine in rejecting Plaintiffs' argument that the Court has "more interest and expertise" than the Delaware Court of Chancery in adjudicating California's insider trading statutes. Dismissal Order at 10 (rejecting Plaintiffs' interest and expertise argument because "Plaintiffs fail to consider that under California's internal affairs doctrine, California Corporations Code § 2116, Plaintiffs are barred from bringing these claims in a derivative lawsuit when a company's place of incorporation is not California."). It did not address whether California Corporations Code claims (including ones in Mr. O'Connor's complaint not alleged in this action) implicate "statutorily unwaivable rights" under California law. *See* Dismissal Order at 10. Nor did it have any reason to do so. That question is best left for the California state court to decide.

The Court is not oblivious to the potential gamesmanship at play, given the timing of Mr. Connor's complaint and Plaintiffs' previous attempts to circumvent the forum selection clause and avoid litigating in Delaware. [5] But under important principles of federalism, the Court respects the state court's sovereignty to decide whether this Court's order precludes Mr. O'Connor's forum selection clause argument. While arguably a close case, "close cases have easy answers: The federal court should not issue an injunction, and the state court should decide the preclusion question." *Smith*, 564 U.S. at 318.

## IV. CONCLUSION

The Court **DENIES** Defendant's motion for permanent injunction.

**IT IS SO ORDERED.**

Dated: 1/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] The Court recognizes that Mr. O'Connor is "represented by lawyers who frequently serve as co-counsel" with lead counsel in this action. Mot. at 3 n.1 (citing cases).

7